**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN POLANCO, | : | |
| | : | Civil Action No. 14-7290(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**CHESLER**, District Judge:

This matter is before the Court upon Petitioner's application for leave to amend (ECF No. 9) his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 1.) Petitioner asserts that the proposed amendments do not add any new claims to his motion.

This Court disagrees with Petitioner's characterization of the proposed amendments. The proposed amendment to Ground Two adds a new theory of relief, a Fifth Amendment Due Process violation in sentencing based miscalculation of criminal history points.[1] Petitioner seeks to add this new claim after the one-

---

[1] In his Affidavit in support of his § 2255 motion (ECF No. 6 at 3, ¶25), Petitioner alleged "Mr. LaForge never explained to me the mandatory minimum nor if my points were accurately calculated, which I doubt they were." The Court will take this

1

year statute of limitations for filing a motion under 28 U.S.C. § 2255 has expired.[2]

"[A] District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." U.S. v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000). The Court will deny the motion to amend because Petitioner seeks to add a new theory of relief in the proposed amendment to Ground Two.

IT IS THEREFORE on this __12__ day of __Jan__, 2016

ORDERED that Petitioner's application for leave to amend (ECF No. 9) is DENIED; and it is further

ORDERED that the Clerk shall serve of copy of this Order upon Petitioner by regular U.S. Mail.

STANLEY R. CHESLER
United States District Judge

---

allegation into account in addressing Petitioner's ineffective assistance of counsel claim.

[2] Judgment was entered in Petitioner's criminal case, U.S. v. Polanco, 12cr115(SRC) (D.N.J.), on December 9, 2013, and Petitioner did not appeal.

2