**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| JUAN POLANCO, | : | |
| | : | Civ. Action No. 14-7290 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---

**CHESLER**, District Judge:

This matter comes before the Court on Petitioner Juan Polanco's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.) Petitioner alleged he was denied effective assistance of counsel, resulting in his guilty plea. (Pet'r Mem. of Law, ECF No. 6.) For the reasons discussed below, the § 2255 motion is denied.

I. BACKGROUND

    A.   The Criminal Proceeding

Petitioner was on probation resulting from Criminal Action No. 08cr880(SRC) (D.N.J.) on January 26, 2011, when a Criminal Complaint was filed against Petitioner in United States v. Polanco, 12cr115(SRC), District of New Jersey. On February 10, 2012, after

1

Petitioner waived his right to prosecution by indictment, the Government filed an Information, charging Petitioner with two counts: (1) from September 1, 2010 through January 25, 2011, in Essex County, conspiring with Jonathon Cappacio and others to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 846; and (2) conspiring with Jonathon Cappacio and others to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846.

Petitioner signed a Plea Agreement on October 3, 2011, and signed an Application for Permission to Enter Guilty Plea on February 10, 2012. (Plea Agreement, ECF No. 16; Plea Application, ECF No. 17.) In the Plea Agreement, Petitioner pled guilty to the two counts in the Information, in exchange for the United States Attorneys' Office agreeing not to initiate any further criminal charges from on or about September 1, 2010 through January 25, 2011, in Essex County, for conspiring to distribute and possess 500 grams or more of cocaine and 50 grams or more of methamphetamine. (ECF No. 16 at 1.)

The Plea Agreement set out that the statutory minimum prison sentence on Count One was five years, and the statutory maximum was forty years. (Id. at 2.) The statutory minimum prison sentence on Count Two was ten years, and the statutory maximum prison

2

sentence was life. (Id.) The Plea Agreement also stated that the sentence to be imposed is within the sole discretion of the sentencing judge. (Id.)

In Schedule A of the Plea Agreement, Petitioner stipulated that the drug quantities in the two counts resulted in a base offense level of 32 under the Sentencing Guidelines. (Id. at 7.) Due to sentencing reductions the parties stipulated were applicable, the offense level would be reduced to 29, which the parties agreed would result in a reasonable Guidelines range. (Id. at 8.) Petitioner waived the right to appeal or file a motion under 28 U.S.C. § 2255 if the sentence fell within or below the Guidelines range resulting from a total offense level of 29. (Id.)

In the Application for Permission to Enter Plea of Guilty, Petitioner agreed with the following relevant statements: (1) I have told my lawyer all the facts and circumstances known to me about the charges; (2) I am satisfied that my lawyer understands the information I have provided and that my lawyer counseled me on the nature of each charge and possible defenses; (3) my lawyer has explained and I understand that only the judge may decide what punishment I shall receive, and that if any person has told me otherwise, that person is not telling the truth; (4) I have discussed with my attorney how the Sentencing Guidelines might apply to my case; (5) I understand that I will have no right to withdraw my plea on the grounds that anyone's prediction as to the

3

Guidelines range or expectation of sentence proves inaccurate. (ECF No. 17.)

Petitioner's plea allocution was held before this Court on February 10, 2012. (Transcript of proceedings regarding plea.) Petitioner affirmed that he understood the statutory maximum prison term on Count One was forty years, and the statutory maximum prison term on Count Two was life. (Id., pp. 5-6.) Petitioner agreed that he read the plea agreement, and his attorney discussed it with him. (Id., p. 14.) They discussed how the U.S. Sentencing Guidelines might apply in his case. (Id., p. 15.) He understood that although the plea agreement contained a stipulation to an offense level of 29, the Court was not bound by that stipulation, and the sentence could be higher based on the presentence investigation. (Id., pp. 16-17.) The Court explained to Petitioner that although Petitioner was waiving his rights to appeal or make a post-conviction challenge, in the plea agreement he reserved the right to challenge the Court's calculation of his criminal history. (Id., p. 18.)

Petitioner affirmed that his decision to plead guilty was his free and voluntary decision, and he was pleading guilty because he was in fact guilty. (Id., p. 13.) Petitioner specifically assented to the fact that he was guilty of conspiring with Jonathon Cappacio to distribute and to possess with intent to distribute over 500 grams of cocaine on or about September 1, 2010 through January 25,

4

2011. (Id., p. 22.) He further agreed he was guilty of conspiring with Jonathon Cappacio to distribute and to possess with intent to distribute over 50 grams of methamphetamine, on or about September 1, 2010 through January 25, 2011. (Id.) The prosecutor submitted he would be able to prove the charges beyond a reasonable doubt. (Id., p. 23.) Defense counsel conceded he would not be able to controvert those proofs. (Id.) The Court accepted Petitioner's guilty plea as knowing and voluntary. (Id.)

On December 9, 2013, this Court sentenced Petitioner to 120 months imprisonment on each of Counts One and Two, to run concurrently with the sentence imposed in Criminal Action No. 08-80, 30 months for violation of probation. (Judgment, ECF No. 21.)

B.   Motion to Vacate, Set Aside, or Correct Sentence

On November 20, 2014, Petitioner filed the present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Polanco v. United States, Civ. Action No. 14-7290(SRC), D.N.J. (ECF No. 1.) Petitioner alleged ineffective assistance of counsel on the following bases: ineffective advice concerning plea; failure to explain in detail options and elements of defenses; failure to file a motion to suppress evidence; failure to advise that waiving ineffective assistance argument was questionable under professional rules of conduct; failure to adequately explain the elements of the offense and how probation surrenders work, and failure to challenge the drug weight attributable to Petitioner.

5

In an affidavit in support of his Memorandum of Law, Petitioner asserted he hired Curtis LaForge as his defense counsel, but LaForge did not show interest in his case. (Aff., ¶¶6-7.) Petitioner asked LaForge to file a motion to suppress evidence found by a tracking device placed on Petitioner's vehicle, but LaForge did not file the motion. (Id., ¶8.) Petitioner met with LaForge once a month, but he felt abandoned because LaForge only saw Petitioner for thirty seconds at their meetings. (Id., ¶¶10-11.)

LaForge never went over the case in detail with Petitioner and never asked Petitioner what happened. (Id., ¶12.) LaForge never went over the Plea Agreement with Petitioner, although Petitioner asked him to do so. (Id., ¶13.) Petitioner did not fully understand he was waiving his right to file a 2255 motion. (Id., ¶14.) LaForge never explained the elements of the offense to Petitioner, nor did he go over the police reports or answer Petitioner's questions about drug quantity. (Id., ¶¶18-20.) LaForge never explained the pros and cons of a plea agreement, and he did not explain how Petitioner's criminal history would be calculated or if it was calculated correctly. (Id., ¶¶22-23.) LaForge never told Petitioner about any defense he might have. (Id., ¶24.) He told Petitioner to sign the Plea Agreement without explaining anything to him. (Id., ¶26.) Petitioner did not inform the Court what was happening because he was scared and depressed. (Id., ¶30.) LaForge

6

told Petitioner if he did not take ten years, he would get life in prison. (Id., ¶32.) Petitioner answered questions in the affirmative because LaForge told him to do so. (Id., ¶31.) In his memorandum of law, Petitioner asserted that his counsel "erroneously predict[ed] the defendant would receive a sentence of a reduced number of years below the mandatory minimum." (ECF No. 6 at 12.)

      C.   Respondent's Opposition

    In opposition to the habeas petition, Respondent contends that every claim asserted by Petitioner is contrary to the written application to enter a guilty plea, the signed plea agreement, or the plea colloquy conducted by the Court. (Letter Brief in Response to Polanco's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, ECF No. 8.) Respondent notes Petitioner did not offer any reason to believe that, if his defense counsel had filed a motion to suppress the evidence recovered from a tracking device attached to his car, he would have chosen to go to trial rather than accept the plea. (Id.)

II. STANDARD OF REVIEW

    A prisoner in custody pursuant to a federal court judgment and conviction may move the court that imposed the sentence to vacate, set aside or correct the sentence, if the sentence was imposed in violation of the Constitution or laws of the United States; or if the court was without jurisdiction to impose such

7

sentence; or if the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." U.S. v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)). "The district court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" Id. For the reasons discussed below, the records of the case conclusively show that Petitioner is not entitled to relief, and the Court will not hold an evidentiary hearing in this matter.

III. DISCUSSION

    A.   Standard of Review: Ineffective Assistance of Counsel

    An ineffective assistance of counsel claim has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

8

Strickland v. Washington, 466 U.S. 668, 687 (1984).

Furthermore, the first prong of the test "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (citing Bell v. Cone, 535 U.S. 685, 702 (2002); Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Strickland, 466 U.S. at 689; United States v. Cronic, 466 U.S. 648, 656 (1984)).

The second prong of the Strickland test, prejudice, requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Collins v. Sec. of Pennsylvania Dept.

9

of Corr., 742 F.3d 528, 547 (3d Cir. 2014) (quoting Strickland,
466 U.S. at 694).

The "ultimate focus" of the prejudice inquiry is on the
fundamental fairness of the proceeding. Id. at 696. "Prejudice is
viewed in light of the totality of the evidence at trial and the
testimony at the collateral review hearing." Collins, 742 F.3d at
547 (citing Rolan v. Vaughn, 445 F.3d 671, 682 (3d. Cir. 2006)).
A court need not address both components of the ineffective
assistance inquiry. Strickland, 466 U.S. at 697. "If it is easier
to dispose of an ineffectiveness claim on the ground of lack of
sufficient prejudice . . . that course should be followed." Id.

When a petitioner challenges his guilty plea based on
ineffective assistance of counsel, the prejudice requirement
"focuses on whether counsel's constitutionally ineffective
performance affected the outcome of the plea process." Hill, 474
U.S. at 59. "[T]o satisfy the 'prejudice' requirement, the
defendant must show that there is a reasonable probability that,
but for counsel's error, he would not have pleaded guilty and would
have insisted on going to trial." Id. "The added uncertainty that
results when there is no extended, formal record and no actual
history to show how the charges have played out at trial works
against the party alleging inadequate assistance." Premo v. Moore,
562 U.S. 115, 132 (2011). The burden to show ineffective assistance
of counsel is substantial. Id. at 133.

B.   <u>Analysis</u>

Even if this Court accepts as true, contrary to the written application to enter a guilty plea, the plea agreement, and the plea allocution, Petitioner's allegations that counsel never explained anything about the case or the plea to him, Petitioner must still show prejudice by explaining why he would have insisted on going to trial. The only allegation Petitioner makes with respect to a defense to the charge is that he asked his counsel to file a motion to suppress evidence found by a tracking device placed on Petitioner's vehicle, but counsel did not do so.

Petitioner has not met the burden to show he would have gone to trial rather than accept a plea deal if counsel had filed a motion to suppress evidence discovered by placing a tracking device on his car. See <u>Premo</u>, 562 U.S. at 744. ("A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit the evidence.") Assuming such a motion would have been successful, and Petitioner has not offered any reason to believe such, there were witnesses to the drug charges who could have testified about Petitioner's involvement in the crime, and his conviction could have resulted in a life sentence. <u>United States v. Polanco</u>, Criminal Action No. 12-115(SRC), D.N.J. (Information, ECF No. 1.) Therefore, Petitioner has not satisfied the prejudice requirement

11

of <u>Strickland</u> by showing he would have gone to trial but for counsel's deficient advice regarding the plea agreement.

Petitioner also alleged counsel was ineffective by failing to challenge the drug quantity attributable to Petitioner. Petitioner, however, has not provided any basis for a viable claim regarding drug quantity. Counsel is not ineffective for failing to raise a meritless argument.

D. <u>Certificate of Appealability</u>

The Court must assess whether a certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing requiring to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Based on the discussion above, reasonable jurists would not find it debatable that defense counsel provided ineffective assistance of counsel that prejudiced the defense.

IV. CONCLUSION

For the foregoing reasons, the motion to vacate, set aside, or correct the sentence (ECF No. 1) is DENIED, and the Court SHALL NOT ISSUE a certificate of appealability. An appropriate Order shall follow.

Dated: _____6 / 3 0_____ , 2016

STANLEY R. CHESLER
**United States District Judge**

13